IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN G. KIMBRELL,

        Plaintiff,

vs.                                                  CIVIL NO.  12-1184 WDS/LFG

CHAVES COUNTY CLERK, CHAVES
COUNTY COMMISSION, JAMES
COON, Chavez County Sheriff, FNU
TUCKER, Deputy Sheriff, and FNU
CLARK, Deputy Sheriff,

        Defendants.

## ORDER DENYING MOTION FOR CLAIM

THIS MATTER is before the Court on *pro se* Plaintiff John G. Kimbrell's ("Kimbrell") "Amended Motion for Claim of Aid and Abet Gender and/or Racial Discrimination Civil Rights Violation - Violation of Due Process (Amendment)" [Doc. 14]. For the reasons stated herein, the motion is DENIED.

## Analysis

Kimbrell fails to demonstrate that he made a good effort to avoid filing this motion as required by Fed. R. Civ. P. 37. His motion fails to recite any effort to confer with opposing counsel to determine whether the request would or would not be opposed.

The rules impose an affirmative duty on a moving party to confer with an opponent to determine whether there is opposition. *See* Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003) ("to confer" under Rule 37 means more than making a demand for compliance. It means "to hold a conference, compare views, consult together."). The conference requirement is not merely a suggestion for effective practice, it is a requirement under the rules. As Kimbrell's motion fails

to show compliance with the requirements of Rule 37, the motion is deficient.

Secondly, Fed. R. Civ. P. 7 provides that when a party submits a motion to amend, the party is required to attach to the motion a copy of the proposed amended pleading. In this case, Kimbrell failed to do so. Moreover, the motion itself fails to serve as an amended complaint. Rule 8(a) requires a complaint to consist of a short and plain statement wherein the party asserting a claim includes: (1) the grounds for the Court's jurisdiction; (2) a statement of claim showing that the pleader is entitled to relief; and (3) a demand for relief.

Kimbrell's motion fails to provide an opponent with fair notice of Kimbrell's claims and the grounds on which they rest. While detailed factual allegations are not necessary, the pleading must still contain enough material to give Defendants fair notice of the Complaint's claims and the grounds for them. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In Tel Labs, Inc. v. Makor Issues and Rights, Ltd., 551 U.S. 308, 319 (2007), the Court stated, "Although the rule encourages brevity, the complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

In this case, Kimbrell attempts to bring actions against five separate Defendants, but his Complaint is deficient in that he does not detail what each Defendant is alleged to have done or how each Defendant is alleged to have violated the law.

Due to these deficiencies, the Court denies, without prejudice, Kimbrell's Motion for Claim.

_____
W. Daniel Schneider
United States Magistrate Judge