IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN G. KIMBRELL,

        Plaintiff ,

vs.                                            CIVIL NO.  12-1184 WDS/LFG

CHAVES COUNTY CLERK, CHAVES
COUNTY COMMISSION, JAMES
COON, Chavez County Sheriff, FNU
TUCKER, Deputy Sheriff, and FNU
CLARK, Deputy Sheriff,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff John G. Kimbrell's ("Kimbrell") Motion to Compel [Doc. 59].  The Court considered the Motion, Response [Doc. 66], and Reply [Doc. 71], and determines that oral argument is not necessary.  For the reasons hereafter stated, the motion is denied, as a result of Kimbrell's failure to comply with the requirements of Fed. R. Civ. P. 37(a)(1).

Kimbrell's motion does not include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Indeed, Defendants represent that Kimbrell did not make any attempt to contact counsel for Defendants either in writing or telephonically to discuss the issues raised in the Motion to Compel.  [Doc. 66, at 1].

In his Reply, Kimbrell states that it is unfair for Defendants to argue that he did not confer in good faith as required, when Defendants earlier sought an extension of time to respond and he granted it.  Essentially, Kimbrell wants the Court to overlook a requirement of Rule 37 simply because he was cooperative in granting Defendants an extension. [Doc. 71, at 1].  This, however,

is an apples-to-oranges comparison. The Creed on Professionalism, adopted by local rule, D.N.M.LR-Civ. 83.9, requires that parties grant one another reasonable extensions in most situations. Thus, Kimbrell was just doing what the Creed on Professionalism and the local rule require when he authorized an extension. Rule 37 imposes a mandatory obligation on a party, one which Kimbrell does not dispute and which he failed to carry out. [*See infra*].

## Analysis

Before filing a motion to compel discovery, the moving party must include a certification demonstrating a good-faith effort to resolve the dispute prior to filing. Fed. R. Civ. P. 37(a)(1) Moreover, pursuant to D.N.M.LR-Civ. 83.9, this Court adopted a requirement that counsel communicate with opposing counsel or litigants "in an effort to avoid litigation or to resolve litigation." The Creed of Professionalism also requires a good-faith attempt to resolve "by agreement [] objections to matters contained in [] opponent's pleadings and discovery requests." [Creed of Professionalism of the New Mexico Bench and Bar, Lawyer's Preamble, ¶ D, found in the 2012-13 Bench and Bar Directory at p. 180. *See also* D.N.M.LR-Civ. 7.1(a) (before filing a motion, movant must determine if the motion is opposed, and if the movant omits recitation of a good-faith request for concurrence, the Court may summarily deny the motion.").

The good-faith requirements to confer and attempt to resolve disputes are not simply matters of good practice, they are pre-conditions to filing a motion. Moreover, an attempt to confer is a "far cry from conferring in good faith." Madison v. Harford County, Md., 268 F.R.D. 563, 564 (D. Md. 2010). Indeed, sending opposing counsel a single email or letter does not constitute good-faith communication. *See, generally,* Kemp v. Harris, 263 F.R.D. 293, 297 (D. Md. 2009). In Hoelzel v. First Select Corp., 214 F.R.D. 634, 635-36 (D. Colo. 2003), the court determined that the obligation "to confer" meant more than simply making a demand for compliance, and that parties

were required "to hold a conference, compare views, consult together."

Here, it is apparent that Kimbrell did not meet the obligations imposed by D.N.M.LR-Civ. 7.1, 83.9 or Fed. R. Civ. P. 37(1)(a). As a result, the Court denies the motion without discussion of the merits.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge