IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN G. KIMBRELL,

        Plaintiff ,
vs.                                                CIVIL NO.  12-1184 WJ/LFG

CHAVES COUNTY CLERK, CHAVES
COUNTY COMMISSION, JAMES
COON, Chavez County Sheriff, FNU
TUCKER, Deputy Sheriff, and FNU
CLARK, Deputy Sheriff,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**ADDRESSING PLAINTIFF'S OBJECTIONS AND FILINGS**

THIS MATTER is before the Court on *pro se* Plaintiff John G. Kimbrell's ("Kimbrell") various filings and objections. Most of Kimbrell's objections or renewed objections and "appeals" are improper and will be stricken or disregarded as discussed below. Although the Court must liberally construe *pro se* filings, Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005), the Court cannot "assume the role of advocate" and make Kimbrell's arguments for him, Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) (quotation omitted). Moreover, even *pro se* litigants like Kimbrell must follow the same rules of procedure that govern other litigants. *See, e.g.,* United States v. Tooley, 2013 WL 1136954, at *2 (10th Cir. Mar. 20, 2013) (unpublished) (citations omitted). In other words, Kimbrell's pleadings and filings must comply with the pertinent rules of civil procedure.

**Background**

On October 16, 2012, Kimbrell filed a Complaint in State Court (Fifth Judicial District, Chaves County). [Doc. 3, attachment.] Kimbrell captioned the Complaint as "Motion for Claim of

Aid and Abet Gender and/or Racial Discrimination Civil Rights Violation." [Id.] The Complaint concerns property supposedly owned by Kimbrell in Roswell, New Mexico, and eviction of a tenant. [Id.] Because Kimbrell's Complaint raised federal questions, including allegations of civil rights violations, Defendants removed the case to federal court on November 15, 2012. [Doc. 3.]

On November 20, 2012, Defendants filed an Answer to the Complaint. [Doc. 10.] On November 26, 2012, Kimbrell filed a "response" to Defendants' removal of the litigation to federal Court. Kimbrell did not expressly request remand nor did he comply with federal civil rules of procedure in moving to remand. Instead, he incorrectly argued Defendants had not answered the Complaint and that he was entitled to default judgment. [Doc. 12.] Kimbrell also argued, as he did in a number of subsequent filings, that defense counsel did not enter an appearance in this litigation. (*See* discussion *infra*.)

On November 26, 2012, Kimbrell filed a "motion" to amend his complaint, although he does not identify it as such. [Doc. 13.] On December 10, 2012, Defendants filed an Answer to Amended Complaint [Doc. 22], although the Court later denied the motion to amend. [Doc. 38.] The Court also denied Kimbrell's separate request for default judgment [Docs. 37, 13, 15]. Kimbrell began filing a series of baseless motions and objections. The Court addresses below all pending objections, along with two motions by Kimbrell.

I. **Objections and Appeal of Notice of Filing of Notice of Removal and Request for Remand**

This filing (objections to notice or removal/request for remand) does not object to a Court's Order. Kimbrell objects to Defendants' removal of this lawsuit from state court to federal court. [Doc. 45.] It is somewhat duplicative of Kimbrell's "response," filed November 26, 2012. [Doc. 12.] On December 4, 2012, Defendants responded to what they construed as a possible motion for

2

remand, arguing that removal was proper and that Kimbrell did not argue removal was procedurally defective. [Doc. 19.] Kimbrell's January 28, 2013 objections [Doc. 45] might be construed as a late reply in support of his original motion. In the objections, he argues that removal was procedurally defective because Defendants did not enter an appearance.

Defendants again responded to the "objections" [Doc. 53], stating that Kimbrell's current filing [Doc. 45] is an enigma. Better said, the filing is utterly without merit. Defendants were not certain whether to consider the objections an untimely motion for remand, a motion to reconsider or a Rule 72 objection. [Doc. 53, at 1.] It matters not. Kimbrell failed to justify remand in a timely manner in accordance with the rules of civil procedure. His objections identify no legal error by the Court. He cannot satisfy the requirements for a motion to reconsider.

The Court, therefore, overrules and disregards Kimbrell's objections [Doc. 45.]

## II. Objections and Resubmitted Objections and Appeal to Court's Order [Doc. 27]

On December 18, 2012, United States Magistrate Judge Lorenzo F. Garcia entered an Order denying Kimbrell's motion to disqualify defense counsel from participating in this litigation. Kimbrell argued disqualification of counsel was in order because defense counsel did not file an entry of appearance. Judge Garcia denied Kimbrell's motion, finding that defense counsel subsequently filed an entry of appearance.[1] [Doc. 26.] In addition, the Magistrate Judge determined that defense counsel met eligibility requirements to participate in proceedings before this Court. [Doc. 27.] The Order was simple and straightforward. It presented no room for disagreement or legally viable grounds to object.

---

[1] In federal court, once an attorney files and signs a pleading in a case, this constitutes entry of appearance. *See* Walker v. THI of New Mexico at Hobbs Center, 2010 WL 3834328, at *1 (D.N.M. Aug. 18, 2010) (unpublished) (*citing* See D.N.M.LR–Civ. 83.4(a) (signing the initial pleading or motion filed on behalf of a party constitutes an entry of appearance)).

Yet, Kimbrell did object and then re-submitted his objections three more times after the first objection. [Doc. Nos. 34 (January 7, 2013), 50 (February 8, 2013), 107 (June 4, 2013), 120 (July 8, 2013).]² Kimbrell's multiple objections are unnecessary and provide no legal basis for the Court to modify or set aside Judge Garcia's Order. *See* Fed. R. Civ. P. 72(a). Put differently, Kimbrell's disagreement with the ruling and repetitious argument are insufficient. Kimbrell failed to demonstrate that any portion of Judge Garcia's Order was clearly erroneous or contrary to law. In addition, Kimbrell's filed his objections beyond the 14-day time limit. Fed. R. Civ. P. 72(a). Thus, he could "not assign as error a[n] [alleged] defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

Accordingly, the Court overrules all of Kimbrell's objections [Doc. Nos. 34, 50, 107, 120] to Judge Garcia's Order [Doc. 27]. Moreover, the Federal Rules of Civil Procedure do not contemplate "resubmitting" objections. Kimbrell's "resubmitted objections" serve no purpose and are disregarded. The Court cautions Kimbrell that if he continues to file frivolous and repetitive motions, lacking in merit, the Court may elect to sanction him in accordance with <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992), including dismissal of his case with prejudice, or impose appropriate filing restrictions in accordance with <u>Tripati v. Beaman</u>, 878 F.2d 351, 354 (10th Cir. 1989). *See, e.g.,* <u>Martinez v. Martinez</u>, 2013 WL 3388640, at *1 (10th Cir. Jul. 9, 2013) (unpublished) (although generally critical of prohibiting a party to file motions to reconsider, Tenth Circuit found it was proper to do so under circumstances where *pro se* litigant "was as an abusive filer, had previously raised similar claims, and had come before this court many times.")

---

²Based on Kimbrell's continual, confusing filings, the Court may have missed additional duplicative objections.

**III.     Objections and Resubmitted Objections and Appeal to Court's Order [Doc. 32]**

Kimbrell engaged in the same type of conduct with respect to Judge Garcia's Order, entered January 3, 2013 [Doc. 32] denying Kimbrell's request for "suppression and removal." Judge Garcia observed first that while Kimbrell identified the motion as one for "suppression and removal," it was nothing more than a reiteration of the motion for disqualification of defense counsel. The Magistrate Judge explained that Kimbrell's motion [Doc. 30] was simply an attempt to re-argue a position the Court already rejected. [Doc. 32, at 1.] Judge Garcia further observed that even if Kimbrell's filing [Doc. 30] could be construed as a motion for reconsideration, Kimbrell's motion did not satisfy any of the requirements.

Notwithstanding another clear and straightforward ruling on a matter that required no further discussion, Kimbrell again filed several objections. [Doc. Nos. 50,[3] 108.]

For essentially the same reasons articulated above, the Court overrules Kimbrell's objections to the Magistrate Judge's Order [Doc. 32] and disregards or strikes any resubmitted objections to the Order.

**IV.     Objections and Resubmitted Objections and Appeal to Court's Order [Doc. 47]**

On February 1, 2013, Judge Garcia entered an Order assessing attorney fees in the amount of $100 against Kimbrell for his failure to attend the Rule 16 scheduling conference. The Magistrate Judge first entered an Order to Show Cause requiring Kimbrell to explain his absence, particularly in view of his failure to notify opposing counsel or the Court that he could not attend the conference.

Magistrate Judge Garcia was generous in concluding that Kimbrell was negligent rather than

---

[3]Kimbrell improperly joins objections and requests in one pleading. This is prohibited. *See* Administrative Order 92-88 (D.N.M. May 4, 1992) (litigants must submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought).

5

in contempt of court. The Court required Kimbrell to pay opposing counsel the sum of $100 within ten days of the Court's February 1 Order. [Doc. 47.]

Kimbrell filed multiple objections. [Doc. Nos. 51, 54, 108.] But, he provides no grounds to challenge the Magistrate Judge's Order imposing sanctions in the sum of $100. Therefore, Court overrules the objections and disregards any and all resubmitted objections to the Court's Order [Doc. 47]. No certificate of compliance was filed. If Kimbrell did not comply with the Order requiring that he pay defense counsel a sanction, the Court again directs Kimbrell to pay defense counsel the amount of $100 within ten (10) days after entry of this Order, and to file a certificate of service with the Court confirming that payment was made. If Kimbrell already paid the sanction, he still should file the certificate of compliance within ten (10) days. Failure to do so, as instructed, could result in further sanctions against Kimbrell, including the possibility of dismissal. *See* Ehrenhaus.

**V.      Objection [Doc. 60] to Being a Listed Witness for the Defense**

In this filing, Kimbrell claims it was a "dirty trick" for Defendants to list Plaintiff Kimbrell as a witness. [Doc. 60.] Kimbrell mistakenly claims that a person who brings an action or a civil lawsuit is "exempt by rules of procedures" from being called as a witness "in the same case and cause." [Id., at 1.] Kimbrell provides no citation for such a "rule of procedure" and is simply wrong. It would be a rare civil proceeding where a plaintiff was not called as a witness. There are no rules prohibiting a defendant from naming the plaintiff as a witness in a civil proceeding. Kimbrell's objection lacks merit and is overruled. To the extent, he may have "resubmitted this objection" as a separate filing or as part of other filings, such arguments or filings are disregarded.

## VI.     Objections and Appeal of Order Denying Request for Discovery [Doc. 112]

On June 12, 2013, Judge Garcia denied Kimbrell's request for discovery. [Doc. 112.] In the Order, the Magistrate Judge observed that the Court entered an Order staying discovery [Doc. 85] after Defendants filed a qualified immunity motion that is still pending.  Subsequent to the stay, Kimbrell filed a request or amended request to "recall" the stay order. [Doc. Nos. 96, 97.] He filed affidavits or declarations in support of discovery although they make little sense. [*See* Doc. 86.] Kimbrell filed another request [Doc. 102] seeking discovery notwithstanding the stay. Judge Garcia denied Kimbrell's requests for discovery, observing that his requests were deficient and not in compliance with pertinent legal standards. [Doc. 112.]

Kimbrell filed objections. [Doc. 115.] The Court reviewed the objections, but Kimbrell failed to identify any part of Judge Garcia's Order that was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).  Thus, the Court overrules the objection.

## VII.    Kimbrell's Amended Motion for Claim of Aid and Abet [Doc. 67]

The Court reviewed Kimbrell's Amended Motion, in which he requests that Defendant Sheriff's Department be found "to have Aid and Abet Residential Burglary; Did Discriminate against Plaintiff and did Violate Plaintiff's Civil Liberties granted by the Constitution and did Violate Plaintiff's Right for Due Process." [Doc. 67, at 7.] Kimbrell requested damages "in the Maximum Amount granted by New Mexico Statutes under Tort Law" to punish Defendant for "outrageous behavior and conduct." [Id.]

Defendants filed a response [Doc. 84].  It is unclear if Kimbrell filed a reply, as the Court did not locate a notice of completion of briefing.  In the response, Defendants summarize the procedural history pertinent to this motion.  On October 16, 2012, Kimbrell filed an original "Motion for Aid and Abet" ("Complaint") in state court.  After removal, on November 26, 2012,

7

Kimbrell filed an Amended Motion for Aid and Abet [Doc. 14], that the Court construed as a request to file an Amended Complaint. On January 14, 2013, the Court denied Kimbrell's motion to amend for failure to comply with Rule 37 requirements that he confer with opposing counsel before filing motions. The Court also found the proposed complaint to be deficient. [Doc. 38.]

On March 20, 2013, Kimbrell filed this motion [Doc. 67] that is almost identical to the motion the Court already denied. The Court denies the motion to amend [Doc. 67] for essentially the same reasons set out in the Court's earlier Order. [Doc. 38.]

### VIII. Kimbrell's Motion to Strike "Unauthorized Surreply" [Doc. 116]

On June 24, 2013, Kimbrell filed what he captioned as a "Motion to Strike Unauthorized Surreply [Doc. Nos. 82, 83 & 103]." [Doc. 116.] Kimbrell does not seek to strike a surreply. His motion asks that the Court strike Defendants' motion for summary judgment [Doc. Nos. 82, 83] and Defendants' reply [Doc. 103.] Kimbrell claims the summary judgment motion is late and, therefore, defective. [Doc. 116, at 1.] Kimbrell also accuses defense counsel of untrue statements, misrepresentations, and bad faith. [Id. at 9.] *Ad hominem* attacks on defense counsel are improper. *See* Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005); Leo v. Garmin Intern., Inc., 464 F. App'x 737, 740 (10th Cir. Feb. 28, 2012) (unpublished) ("Ad hominem attacks on counsel and the district court do not count as legal argument"), *cert. denied*, 133 S.Ct. 484 (2012).

Moreover, there are no grounds to strike Defendants' summary judgment motion or their reply. Defendants filed their reply before the deadline for doing so. [Doc. 62.] Contrary to Kimbrell's position, their reply [Doc. 103] is exactly that – a proper reply, not a surreply.

On July 10, 2013, Defendants filed a response to Kimbrell's motion to strike. [Doc. 119.] They appropriately noted that once again Kimbrell failed to obtain Defendants' position on the

8

motion in accordance with the rules, before filing it. Thus, he violated the rules. Moreover, there is no basis to strike Defendants' motion or reply. While typically the Court allows the moving party to file a reply, there is no need. There are no grounds to grant Kimbrell's motion to strike. Thus, the Court denies the motion to strike [Doc. 116].

## Status of Case

The Court's intent in entering this Order is to overrule Kimbrell's unsubstantiated objections, deny the duplicative motion to amend, deny his motion to strike, and in addition, to clarify the status of the litigation. To the extent that this Order does not address all of Kimbrell's outstanding objections that may be hidden in other pleadings, the Court overrules any such objections for failure to comply with the pertinent rules of civil procedure. The Court again recognizes it is required to liberally construe Kimbrell's pleadings, but notes that the Court will not serve as his attorney in constructing legitimate arguments or searching the record in an attempt to comprehend his arguments. *See, e.g.,* Garrett, 425 F.3d at 840 (addressing *pro se* litigant's incomprehensible brief that contained little or no cogent argument on appeal that the court committed reversible error).

The Court clarifies that the only remaining motions for the Court to decide are Defendants' Motion for Summary Judgment [Doc. 82] and Defendants' Motion to Strike Surreply. [Doc. 111.] The summary judgment motion appears fully briefed; indeed, there is a motion to strike a surreply. [Doc. 111.] Defendants' motion to strike is fully briefed. [Doc. 114.] The Court will issue a separate Order resolving these two motions in the future.

At this stage, there is no need for more objections to be filed and the Court will not allow any. Should Kimbrell elect to file additional objections and motions that have no merit, such pleadings shall be stricken from the Record. The Court again cautions Kimbrell that he risks sanctions in accordance with Ehrenhaus, up to and including dismissal of the entire lawsuit, as well

as the imposition of filing restrictions in accordance with Tripati.

IT IS THEREFORE ORDERED THAT:

(1) Kimbrell's Objections [Doc. 45] to Notice of Removal are OVERRULED;

(2) Kimbrell's Objections [Doc. Nos. 34, 50, 107, 120] to Court Order Doc. 27 are OVERRULED;

(3) Kimbrell's Objections [Doc. Nos. 50, 108] to Court Order Doc. 32 are OVERRULED;

(4) Kimbrell's Objections [Doc. Nos. 51, 54, 108] to Court Order Doc. 47 are OVERRULED;

(5) Kimbrell must file a certificate of compliance with the Court within ten (10) days after entry of this Order, confirming he paid defense counsel the sanction of $100;

(6) Kimbrell's Objection [Doc. 60] to being listed as a witness is OVERRULED;

(7) Kimbrell's Objections [Doc. 115] to Court Order Doc. 112 are OVERRULED;

(8) Kimbrell's Amended Motion to file Amended Complaint [Doc. 67] is DENIED;

(9) Kimbrell's Motion to Strike [Doc. 116] is DENIED;

(10) Any other Objections raised by Kimbrell in other filings not specifically addressed in this ruling are OVERRULED; and

(11) Kimbrell should not file any additional objections or filings that lack merit or he risks sanctions, up to and including dismissal of the lawsuit, or filing restrictions as discussed in this Order.

UNITED STATES DISTRICT COURT